```
                UNITED STATES DISTRICT COURT FOR THE
                 WESTERN DISTRICT OF NORTH CAROLINA
                        STATESVILLE DIVISION
                           5:08CV146-V-1
                          (5:03CR55-2-V)
```

| | |
|---|---|
| **RICO ANTWAN FAIR,** ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **O R D E R** |
| ) | |
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| Respondent. ) | |
| _____) | |

**THIS MATTER** is before the Court on initial review of Petitioner's Motion to Vacate, Set Aside, or Correct Sentence (Doc. No. 1), filed December 4, 2008.[1]

A review of the subject Motion to Vacate, along with certain pertinent Court records, reflects that on November 18, 2003, Petitioner was indicted for conspiracy to possess with intent to distribute cocaine base and of possession with intent to distrib-

---

[1] In Houston v. Lack, 487 U.S. 266 (1988), the United States Supreme Court held that a pro se prisoner's notice of appeal is deemed filed as of the date on which a prisoner delivers the notice of appeal to prison authorities for forwarding to the district court. Id. at 276. Applying the reasoning of the Houston case to Petitioner's filing of his Motion to Vacate, his Motion to Vacate would be deemed filed on the date he delivered it to prison officials for forwarding to the district court. Reviewing Petitioner's filing and applying the rule set forth in Houston, this Court finds that based on the information presently before this Court, Petitioner's § 2255 motion should be deemed filed on December 4, 2008, which is the date that Petitioner certified that he placed his motion in the prison mailing system.

ute cocaine base. On March 14, 2005, Petitioner entered a "straight-up" guilty plea at his Rule 11 hearing.  On July 10, 2006, the Court sentenced Petitioner to 120 months imprisonment on each count to run concurrently.  Judgment was filed on August 8, 2006.  Approximately ten months later, on June 22, 2007, Petitioner filed a Notice of Appeal. On August 1, 2007, the United States Court of Appeals for the Fourth Circuit sent Petitioner a jurisdictional notice stating that it appeared that his appeal was untimely.  On September 7, 2007, the Fourth Circuit dismissed the appeal as untimely. United States v. Fair, No. 07-4626 (4th Cir. Sept. 7, 2007).  The mandate issued on October 3, 2007.  On December 4, 2008, Petitioner filed the instant Motion to Vacate alleging ineffective assistance of counsel.

In 1996 Congress enacted the Antiterrorism and Effective Death Penalty Act (the "AEDPA").  Among other things, the AEDPA amended 28 U.S.C. §2255 by imposing a 1-year statute of limitations period for the filing of a motion to vacate.  Such amendment provides:

A 1-year period of limitation shall apply to a motion under this section.  The limitation period shall run from the latest of–

    (1) the date on which the judgment of conviction becomes final;

    (2) the date on which the impediment to making a motion

**2**

created by governmental action in violation of the
Constitution or laws of the United States is removed,
if the movant was prevented from making a motion by
such governmental action;

(3) the date on which the right asserted was initially
recognized by the Supreme Court and made retroactively
applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or
claims presented could have been discovered through the
exercise of due diligence.

Here, the record is clear that Petitioner's conviction became final on August 22, 2006, ten days after entry of final judgment. Fed. R. App. P. 4(b). Petitioner filed the instant Motion to Vacate well over one year later on December 4, 2008. Petitioner's untimely appeal did not operate to extend his limitation period. See generally Artuz v. Bennett, 531 U.S. 4, 8 (2000)(noting that untimely filed appeal could not operate to toll the running of the one-year limitation period under § 2254); see also United States v. Smith, 215 F.3d 1338 (10th Cir. May 18, 2000)(unpublished)(rejecting argument that limitation period began to run only after the court denied untimely direct appeal); Reynolds v. United States, 3:06CV401, 2006 WL 2927850 (W.D.N.C. Oct. 11, 2006)(untimely filing of notice of appeal does not extend limitation period); Woods v. United States, 3:07CV155, 2008 WL 3926450 (N.D. W. Va. Aug. 20, 2008)(an untimely notice of appeal does not toll limitation period under AEDPA); Staake v. United States, 5:07CV189, 2007 WL 2050939 (M.D. Fla. July 16, 2007)(untimely notice of appeal did not alter finality of convic-

**3**

tion). It thus appears to the Court that Petitioner's Motion to Vacate is untimely.

In Hill v. Braxton, 277 F.3d 701, 706 (4th Cir. 2002), the Fourth Circuit held that "when a federal habeas court, prior to trial, perceives a pro se §2254 petition to be untimely and the state has not filed a motion to dismiss based on the one-year limitations period, the [district] court must warn the prisoner that the case is subject to dismissal pursuant to §2244(d) absent a sufficient explanation . . . ." Hill's notice requirement extends to 2255 motions. Although there yet is no published Fourth Circuit case which specifically extends Hill to cases brought under §2255, the undersigned is aware of several unpublished cases from within this Circuit which tend to suggest that such an extension would be adopted by the Fourth Circuit. See also United States v. Sosa, 364 F.3d 507 (4th Cir. 2004) (acknowledging Hill notice requirement in § 2255 case where neither party contested its application).

Accordingly, this Court now shall give Petitioner 15 days in which to file a document, explaining why his Motion to Vacate should be deemed timely filed.

**NOW, THEREFORE, IT IS HEREBY ORDERED that:**

1. Within fifteen (15) days of the filing of this Order, Petitioner shall file a document, explaining why he believes his Motion to Vacate should be deemed timely filed; and

2. The Clerk shall send copies of this Order to Petitioner, and to counsel for the United States.

Signed: January 22, 2009

*Richard L. Voorhees*
Richard L. Voorhees
United States District Judge